UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 09-189-HRW

JEFFREY A. MOSLEY,              PLAINTIFF,

v.     <u>MEMORANDUM OPINION AND ORDER</u>

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,      DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on September 6, 2005, alleging disability beginning on April 1, 2002, due to "copd, abscessed lung, back and leg" (Tr. 102).

This application was denied initially and on reconsideration (Tr. 45-48. 51-53). On January 15, 2008, an administrative video hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 26, 2008, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 17-28). Plaintiff was 44 years old at the time of the alleged onset of disability (Tr. 26). He has an 11th grade education (Tr. 108). His past relevant work experience consists of work as a drill operator and boat motor repairman (Tr. 26).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic obstructive pulmonary disease, adjustment disorder, polysubstance abuse/dependence, in sustained full remission, degenerative disc disease of the lumbosacral spine, residuals of right knee fracture, and diminished strength, left upper extremity and left hand which he found to be "severe" within the meaning of the Regulations (Tr. 19-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20). In doing so, the ALJ specifically considered listings 1.00, 1.07, 1.03, 1.04, 3.02, 12.00, 12.04, 12.07 and 12.09 (Tr. 20-24).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 26) but determined that he has the residual functional capacity ("RFC") to perform a range of light exertional work with certain limitations and exceptions as set forth in the hearing decision (Tr. 24-26).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 26-27).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 20, 2009 (Tr. 7-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 13 and 14] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

4

conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B. Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate Plaintiff's mental impairments and (2) the ALJ did not properly evaluate Plaintiff's subjective complaints of pain.

**C. Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly evaluate his mental impairments.

It is clear from the hearing decision that the ALJ considered, in detail, Plaintiff's mental impairments. His RFC is based upon not only the opinions of treating sources, but that of state agency physicians as well. A review of the record establishes that the RFC, pertaining to Plaintiff's mental impairment, is supported by substantial evidence.

Yet, Plaintiff argues that the ALJ assumed the rule of a physician by making determinations based upon the record. It seems that Plaintiff misunderstands the role of the ALJ. By regulation, the ALJ is charged with the responsibility of assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). Such an assessment necessarily involves, indeed is based upon, a consideration of the medical record. The ALJ's findings are not medical opinions but administrative findings. *See* 20 C.F.R. §§ 404.1527(3), 416.927(2)

Plaintiff's second claim of error is that the ALJ did not properly evaluate his subjective complaints of pain.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's allegations of disabling pain were not credible. (Tr. 26).

Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. There is simply no evidence in the record which supports the extent of Plaintiff's allegations; rather, the evidence of record supports the ALJ's RFC finding. For example, the state agency physicians concurred that Plaintiff is capable of performing work at a light exertional level (Tr. 957-964, 965-972).

Notably, Plaintiff has not presented any objective medical evidence which support his testimony. Plaintiff bears the burden of proving that his condition causes disabling impairment. 20 C.F.R. §§ 404.1512(a), 404.1529(a), 416.912(a), 416.929(a). Having reviewed the record, the Court finds that Plaintiff has not carried his burden in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED.**

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 12 day of April, 2010.

                                                Henry R. Wilhoit, Jr., Senior Judge